United States District Court
For the Northern District of California

1

2

3

4

5                              IN THE UNITED STATES DISTRICT COURT

6                            FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   ASAP SOFTWARE EXPRESS, INC.,              No. C 04-03672 SI

9            Plaintiff,                       **ORDER RE: DISCOVERY**

10     v.

11  ELIZABETH HOPKINS, et al.,

12          Defendants.
                                        /
13

14          By letter briefs,[1] the parties have brought before the Court a dispute regarding plaintiff's Request

15  for Production of Documents.  Plaintiff asserts that many documents have not been produced by

16  defendants Hopkins, Boudreaux, and SHI.  Defendants state that they have produced or will produce

17  all responsive documents and will confirm this in a supplemental response for many of the requests

18  brought by plaintiff.  It is not enough for defendants to state that they will provide sufficient discovery

19  responses; therefore, the Court ORDERS defendants to produce all responsive documents and

20  supplemental responses that they have promised.

21          The Court will now turn to defendants' objections to plaintiff's request.

22

23  **1.     Request No. 21 to Hopkins and Boudreaux**

24          In this request, plaintiff asks defendants to "[p]roduce copies of all DOCUMENTS information

25  utilized in any manner by YOU in servicing any customer on behalf of SHI." See June 7, 2005 Brief,

26  Ex. C.  Plaintiff contends that these documents will be relevant to its contention that defendants used

27  _____

28          [1] Plaintiff submitted its brief on June 7, 2005; defendants submitted their opposition on June 14, 2005; and plaintiff filed its reply on June 15, 2005.

United States District Court

For the Northern District of California

1  the knowledge they obtained at ASAP while working for SHI.  Defendants state that they will describe

2  the type of information that Hopkins and Boudreaux relied upon to make any sales to customers at issue;

3  however, they argue that "there is no reasonable basis to require defendants to disclose SHI's sales

4  information or databases, which have nothing to do with plaintiff's claim of misappropriation."

5  However, the Court finds plaintiff's request reasonable and ORDERS defendants to comply with

6  Request No. 21.

7

8  **2.      Request No. 20 to SHI**

9      Plaintiff requests "[a]ll computer files, reports, DOCUMENTS, writings, memoranda, or e-mails

10  that originated from ASAP."  Defendants assert that this request is overbroad, as it would require all SHI

11  employees worldwide to determine whether they have ever received an email or document from an

12  employee of ASAP, and they assert that they have already informed plaintiffs that Hopkins and

13  Boudreaux did not provide SHI with any of ASAP's documents.  Plaintiff argues that the request is

14  relevant because their allegations involve SHI obtaining ASAP's documents through improper means.

15  The Court finds that this request seeks generally relevant information but is overbroad.  Plaintiff is

16  directed to reformulate the request, so as to limit it in time to January 1, 2003 to the present, and in

17  geographic ambit to SHI offices in California.  As so reformulated, defendants will be ORDERED to

18  comply with the request.

19

20  **3.      Requests Nos. 21, 22, 30, 31 and 37**

21      Defendants object to these requests on the basis that plaintiff failed to identify specific

22  customers.  In its reply, plaintiff agrees to limit its request to the "target lists" provided by Boudreaux

23  and Hopkins to SHI.  Therefore, the parties appear to be in agreement and the Court will not rule on this

24  issue.  However, the Court finds Request No. 31 to be confusing and, if it is meant to discover records

25  of contacts between Boudreaux and Hopkins with customers, redundant.  The Court DENIES plaintiff's

26  request with respect to Request No. 31.

27

28

2

**4.      Request No. 29 to SHI**

Plaintiff requests "[a]ll DOCUMENTS, including, but not limited to, e-mails, which evidence, or relate to any COMMUNICATION between YOU and any ASAP employee from January 1, 2003 to the present."  Defendants contend that this request is overbroad and irrelevant, as it has already produced communications between SHI and Hopkins and Boudreaux before they were hired by SHI. The Court finds that the request is appropriate and ORDERS defendants to comply, but notes an overlap between this request and Request No. 20 to SHI.

Dated: July 6, 2005

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  ASAP SOFTWARE EXPRESS, INC.,              No. C 04-03672 SI

9            Plaintiff,                      **ORDER RE: DISCOVERY**

10    v.

11  ELIZABETH HOPKINS, et al.,

12            Defendants.
                                    /
13

14         By letter briefs,[1] the parties have brought before the Court a dispute regarding plaintiff's Request

15  for Production of Documents.  Plaintiff asserts that many documents have not been produced by

16  defendants Hopkins, Boudreaux, and SHI.  Defendants state that they have produced or will produce

17  all responsive documents and will confirm this in a supplemental response for many of the requests

18  brought by plaintiff.  It is not enough for defendants to state that they will provide sufficient discovery

19  responses; therefore, the Court ORDERS defendants to produce all responsive documents and

20  supplemental responses that they have promised.

21         The Court will now turn to defendants' objections to plaintiff's request.

22

23  **1.     Request No. 21 to Hopkins and Boudreaux**

24         In this request, plaintiff asks defendants to "[p]roduce copies of all DOCUMENTS information

25  utilized in any manner by YOU in servicing any customer on behalf of SHI." See June 7, 2005 Brief,

26  Ex. C.  Plaintiff contends that these documents will be relevant to its contention that defendants used

27  _____

28         [1] Plaintiff submitted its brief on June 7, 2005; defendants submitted their opposition on June 14, 2005; and plaintiff filed its reply on June 15, 2005.

the knowledge they obtained at ASAP while working for SHI. Defendants state that they will describe the type of information that Hopkins and Boudreaux relied upon to make any sales to customers at issue; however, they argue that "there is no reasonable basis to require defendants to disclose SHI's sales information or databases, which have nothing to do with plaintiff's claim of misappropriation." However, the Court finds plaintiff's request reasonable and ORDERS defendants to comply with Request No. 21.

**2.      Request No. 20 to SHI**

Plaintiff requests "[a]ll computer files, reports, DOCUMENTS, writings, memoranda, or e-mails that originated from ASAP." Defendants assert that this request is overbroad, as it would require all SHI employees worldwide to determine whether they have ever received an email or document from an employee of ASAP, and they assert that they have already informed plaintiffs that Hopkins and Boudreaux did not provide SHI with any of ASAP's documents. Plaintiff argues that the request is relevant because their allegations involve SHI obtaining ASAP's documents through improper means. The Court finds that this request seeks generally relevant information but is overbroad. Plaintiff is directed to reformulate the request, so as to limit it in time to January 1, 2003 to the present, and in geographic ambit to SHI offices in California. As so reformulated, defendants will be ORDERED to comply with the request.

**3.      Requests Nos. 21, 22, 30, 31 and 37**

Defendants object to these requests on the basis that plaintiff failed to identify specific customers. In its reply, plaintiff agrees to limit its request to the "target lists" provided by Boudreaux and Hopkins to SHI. Therefore, the parties appear to be in agreement and the Court will not rule on this issue. However, the Court finds Request No. 31 to be confusing and, if it is meant to discover records of contacts between Boudreaux and Hopkins with customers, redundant. The Court DENIES plaintiff's request with respect to Request No. 31.

**United States District Court**
For the Northern District of California

1    **4.       Request No. 29 to SHI**

2           Plaintiff requests "[a]ll DOCUMENTS, including, but not limited to, e-mails, which evidence,

3    or relate to any COMMUNICATION between YOU and any ASAP employee from January 1, 2003 to

4    the present."  Defendants contend that this request is overbroad and irrelevant, as it has already

5    produced communications between SHI and Hopkins and Boudreaux before they were hired by SHI.

6    The Court finds that the request is appropriate and ORDERS defendants to comply, but notes an overlap

7    between this request and Request No. 20 to SHI.

8

9

10   Dated: July 6, 2005

11                                                              _____

12                                                              SUSAN ILLSTON
                                                                United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3