CHARLES A. REID (State Bar No. 221306)
RODNEY M. HUDSON (State Bar No. 189363)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendants
ELIZABETH HOPKINS, LINETTE BOUDREAUX
AND SOFTWARE HOUSE INTERNATIONAL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASAP SOFTWARE EXPRESS, INC., an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH HOPKINS, an individual; LINETTE BOUDREAUX, an individual; and SOFTWARE HOUSE INTERNATIONAL, a New Jersey Corporation,<br><br>Defendants. | Case No. C04 3672 SI<br><br>**STIPULATED PERMANENT INJUNCTION [Proposed]** |

Plaintiff, ASAP Software Express, Inc. ("ASAP"), defendant Elizabeth Hopkins ("Hopkins"), defendant Linette Boudreaux ("Boudreaux") and defendant Software House International, Inc. ("SHI") (Plaintiff and all the defendants are collectively "the Parties") hereby stipulate as follows:

WHEREAS, on September 14, 2005, the Parties agreed to settle this action in accordance with the terms of a separate written agreement between the Parties; and pursuant to settlement, have agreed to the entry of the Permanent Injunction against defendants Hopkins and Boudreaux as set forth below; and

1  WHEREAS, ASAP, Hopkins, Boudreaux and SHI hereby stipulate to the
2  Permanent Injunction following the signature blocks for counsel and request that the
3  Court enter it as a binding, Stipulated Permanent Injunction.

Respectfully submitted,

Dated: December 7, 2005

McDERMOTT WILL & EMERY LLP

*[signature]*

PETER D. HOLBROOK

Attorneys for Plaintiff
ASAP SOFTWARE EXPRESS, INC.

Dated: December 8, 2005

DRINKER BIDDLE & REATH LLP

*[signature]*

CHARLES A. REID

Attorneys for Defendants
ELIZABETH HOPKINS, LINETTE BOUDREAUX AND SOFTWARE HOUSE INTERNATIONAL

**STIPULATED PERMANENT INJUNCTION**

It is hereby ORDERED, ADJUDGED AND DECREED as follows;

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332. This Court has personal jurisdiction over the defendants and venue is proper.

2. Defendants Linette Boudreaux and Elizabeth Hopkins and their respective agents, servants, employees, heirs and assigns be and the same hereby are restrained and enjoined until September 13, 2006, from directly or indirectly soliciting or in any other manner contacting, communicating, dealing or doing business with any of the companies listed in subparagraph (a) hereof for the purpose of selling, attempting to sell, or accepting orders for software or hardware products offered for resale by ASAP or any services that ASAP offers to support the licensing or sale of these products.

   a) The terms of this paragraph shall apply to the following companies only: Peoplesoft, Cypress Semiconductor, Plantronics, Terayon Communications, Creative Labs, Adaptec, Dicon Fiberoptics, eBay, Genentech, Yahoo, IDT, Wells Fargo, World Savings, Allied Telesyn, LSI Logic, Polycom, Electroglass, Inc., Ilog, Levi's, Franklin Templeton and Chiron.

   b) The terms of this paragraph shall not restrict Hopkins or Boudreaux from communicating with or contacting personal friends of theirs employed by companies listed in 2(a), above, so long as the contacts/communications are not of a business nature and are not intended to and do not result in or further a business relationship with SHI, nor is it intended to restrict Hopkins or Boudreaux from any contact with any computer software or hardware manufacturer, publisher, vendor or supplier, including, without limitation, Microsoft Corporation or to apply to any contract or communication by other employees of SHI with any company identified in subparagraph (a) without the direct or indirect involvement of Hopkins or Boudreaux.

4. The restrictions contained in paragraph 2 hereof will terminate as of 12:01 a.m. P.D.T., September 14, 2006, without further action of the Court.

1      5.    The parties hereto having settled this action by separate agreement, this stipulated permanent injunction is entered pursuant to said agreement without an award of costs, profits, damages or attorneys' fees and, subject to said agreement, and except as set forth herein, the Complaint hereby is dismissed with prejudice, and all rights of appeal are waived.

    6.    It is expressly understood by the Parties hereto that this Stipulated Permanent Injunction is not, and shall not be construed, as an admission by Defendants of the truth of any of the allegations or the validity of any of the claims asserted in the Complaint, or as an admission by Plaintiff as to the validity of any of the defenses which Defendants alleged. It is expressly understood by the Parties hereto that the Plaintiff and Defendants have agreed to compromise and settle all claims in order to obviate the expense and inconvenience that would be involved in protracted litigation, and to put to rest all further controversy between them.

**IT IS SO ORDERED.**

Dated: San Francisco, California
       September    , 2005



IT IS SO ORDERED
Judge Susan Illston

ORC 374430-7.052227.0029